**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In Re: | Case No.  19-11363 |
| Renia Griffin dba Gainer Group, LLC, | Honorable Donald R. Cassling |
| Debtor | Chapter: 13 |

**<u>NOTICE OF MOTION</u>**

**TO:    See attached service list**

Please take notice that on September 12, 2019 at 9:30 a.m. or as soon thereafter as counsel may be heard, the undersigned will present to the Honorable Donald R. Cassling, United States Bankruptcy Court, 219 S. Dearborn Street, Courtroom 619, Chicago, IL 60604, or before such other Judge as may be sitting in his stead, and then and there present the attached Motion for Relief from the Automatic Stay at which time and place you may appear.

<u>/s/ Evan L. Moscov</u>
Evan L. Moscov
ARDC No. 6278081
Weinstein & Riley, P.S.
325 Washington Street, Suite 303
Waukegan, IL  60085
(312)  969-1977
EvanM@w-legal.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 8, 2019 the Notice of Motion was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

**David M. Siegel**
David M. Siegel & Associates
790 Chaddick Drive
Wheeling, IL  60090

**Tom Vaughn**
55 E. Monroe Street, Suite 3850
Chicago, IL  60603

**Patrick S. Layng**
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street, Room 873
Chicago, IL  60604

I further certify that on August 8, 2019 a copy of the Notice of Motion was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

**Renia Griffin dba Gainer Group, LLC**
7401 W. 100th Place, Unit #1791
Bridgeview, IL  60455

/s/ Teresa M. Perry
Teresa M. Perry
Assistant to Evan L. Moscov

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No.  19-11363 |
| Renia Griffin dba Gainer Group, LLC, | Honorable Donald R. Cassling |
| | Chapter: 13 |
| Debtor. | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Carrington Mortgage Services, LLC ("Carrington"), as servicer for Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A ("Wilmington"), by counsel, moves pursuant to 11 U.S.C. Section 362 of the United States Code, 11 U.S.C. §§ 101 et seq. ("the Bankruptcy Code") and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of an order modifying the automatic stay with respect to the real property located at 16407 S. Hermitage, Markham, IL  60426 (the "Premises").

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.

2. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(G).

3. Venue of the Motion in this District is proper pursuant to 28 U.S.C. § 1409(a).

4. The Motion is premised on Section 362(d) of the Bankruptcy Code and is a contested matter within the meaning of Bankruptcy Rule 9014.

5. On April 7, 2000, Debtor borrowed $85,000.00 from Bank One, NA ("Bank One") pursuant to a promissory note (the "Note").  A copy of the Note is attached as Exhibit A.

6. To secure repayment of the Note, Debtor executed a mortgage granting Bank One a security interest in the Premises. A copy of the Mortgage is attached as Exhibit B.

3

7. The mortgage was recorded on April 21, 2000 with the Cook County Recorder of Deeds.

8. On November 9, 2009, Debtor and Franklin Credit Management Corporation entered into a loan modification agreement. A Copy of the Loan Modification Agreement is attached hereto as Exhibit C.

9. On September 18, 2015, the Mortgage was assigned to Wilmington. A copy of the complete chain of assignments are attached as Exhibit D.

10. On April 19, 2019, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code that included an undisputed secured obligation with respect to the Premises in the amount of $96,199.00 owed to Carrington and estimated the market value of the Premises at $79,000.00.

11. Debtor's proposed Chapter 13 Plan provides that she will surrender the Premises.

12. As a result of Debtor's intention to surrender the premises, Carrington is not receiving adequate protection of Wilmington's security interest in the Premises. Accordingly, cause exists to modify the automatic stay with respect to the Premises.

WHEREFORE, Carrington requests that this Honorable Court enter an order modifying the automatic stay with respect to the Premises and waiving the fourteen day stay required by Bankruptcy Rule 4001(a)(3).

/s/ Evan Lincoln Moscov
Evan Lincoln Moscov, ARDC No. 6278081
Weinstein & Riley, P.S.
325 Washington Street, Suite 303
Waukegan, IL  60085
Telephone: (312) 969-1977
Email: Evanm@w-legal.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2019 the Motion for Relief from the Automatic Stay was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

**David M. Siegel**
David M. Siegel & Associates
790 Chaddick Drive
Wheeling, IL  60090

**Tom Vaughn**
55 E. Monroe Street, Suite 3850
Chicago, IL  60603

**Patrick S. Layng**
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street, Room 873
Chicago, IL  60604

I further certify that on August 8, 2019 a copy of the Motion for Relief from the Automatic Stay was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

**Renia Griffin dba Gainer Group, LLC**
7401 W. 100th Place, Unit #1791
Bridgeview, IL  60455

/s/ Teresa M. Perry
Teresa M. Perry
Assistant to Evan L. Moscov